**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RUIMIN WANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-435-J** |
| | ) | |
| **PAMELA BONDI, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Before the Court is Petitioner's Motion for Waiver of Local Counsel Requirement. Doc. 6. Petitioner seeks a waiver of the requirement under Local Civil Rule 83.3 that non-resident counsel associate with local counsel. The Court has discretion to waive this requirement if non-resident counsel establishes "financial hardship, special qualifications of non-resident counsel, or other good cause," and "certifies familiarity with the local civil court rules." LCvR83.3(c). Petitioner's counsel presents good cause and represents that he has special qualifications for handling a habeas corpus petition and is familiar with the Court's local civil rules. Doc. 6 at 1-2; Doc. 6-1.

For good cause shown, the Court **GRANTS** Petitioner's Motion for Waiver of Local Counsel Requirement, Doc. 6.

**IT IS SO ORDERED** this 9th day of March, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE